UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DIVINIA WATER, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> CLEAR BLUE SPECIALTY INSURANCE COMPANY, <br><br> Defendant/Counterclaimant. | Case No. 4:23-mc-00095-AKB <br> Bankruptcy Case No. 4:21-ap-8012 <br><br> **MEMORANDUM DECISION AND ORDER** |

## I.     INTRODUCTION

Plaintiff/Counterdefendant Divinia Water, Inc., filed for Chapter 11 bankruptcy in January 2021. On March 31, 2021, Divinia initiated this adversary proceeding against Clear Blue Specialty Insurance Company, seeking a determination that Clear Blue must provide it coverage under a directors and officers ("D&O") insurance policy for two state court lawsuits filed in 2020 against Divinia and several of its directors and officers. In November 2022, Bankruptcy Judge Joseph M. Meier conducted a stipulated, bifurcated trial addressing Clear Blue's coverage obligations under the D&O policy and, on April 14, 2023, issued Proposed Findings of Fact and Conclusions of Law pursuant to the Bankruptcy Court's "related to" jurisdiction under 28 U.S.C. § 1334(b). (Dkt. 2).

In its Proposed Findings of Fact and Conclusions of Law, the Bankruptcy Court concluded Clear Blue had no coverage obligations under a policy exclusion called the "Insured versus Insured" exclusion. This exclusion generally excludes coverage for claims brought by one insured party under the D&O policy against another insured party under the same policy. The policy defines "Insured" to include "Team Members," i.e., executives such as "duly elected or appointed"

**MEMORANDUM DECISION AND ORDER - 1**

members of the company's board of directors. Based on evidence presented at the trial, the Bankruptcy Court found that Michael Breen and Ronald Mezzetta—the parties who brought the two underlying lawsuits against Divinia and several of its directors and officers – were *not* "duly elected or appointed" at the time they were initially seated on the Board, but that Divinia ratified their election or appointment to the Board through its yearslong conduct in treating Breen and Mezzetta as directors from December 2017 to the time of their removal in 2020. Based on its finding of ratification, the Bankruptcy Court concluded that Breen and Mezzetta qualified as "Team Members," as their addition to the Board was "proper," and therefore the insured versus insured exclusion applied. (*Id.* at p. 57).

Divinia does not object to the Bankruptcy Court's proposed findings of fact. Rather, Divinia objects to the Bankruptcy Court's proposed conclusion of law that Breen and Mezzetta could qualify as "duly elected or appointed" directors in accordance with the terms of the policy by ratification, and therefore the insured versus insured exclusion applies. More specifically, Divinia makes two separate but related arguments: (1) the phrase "duly elected or appointed" does not encompass subsequent ratification and must be construed against coverage; and (2) even if it did, Divinia and its board of directors did not have authority to ratify the shareholders' deficient election of Breen and Mezzetta to the Board—instead, only the shareholders who did not vote in the initial election had that authority. Based on these two independent legal grounds, Divinia argues that "the Bankruptcy Court erred in concluding that the insured versus insured exclusion in the Policy excludes all Divina's insurance claims." (Dkt. 3 at p. 3).

In response, Clear Blue argues that Divinia's objections should be overruled. It first contends that "the Bankruptcy Court correctly found that the plain language of 'duly elected or appointed' means 'in proper time, place, and manner,' and includes subsequent ratification of the

MEMORANDUM DECISION AND ORDER - 2

election or appointment." (Dkt. 4 at p. 3). With respect to Divinia's second objection, Clear Blue argues that "Divinia's board of directors had the authority to appoint Breen and Mezzetta to fill board vacancies," and therefore Divinia "had the authority to ratify the procedurally imperfect act of the shareholders when they appointed Breen and Mezzetta to fill board vacancies." (*Id.*). "To conclude otherwise," Clear Blue maintains, "would allow Divinia to benefit from Breen and Mezzetta's role as board members—for years—and then disclaim them as directors when it became advantageous to do so." (*Id.*).

## II.  BACKGROUND

The Bankruptcy Court Proposed Findings of Fact and Conclusions of Law includes the following relevant facts, to which Divinia does not object:

Under Divinia's Bylaws, directors may be elected to the Board by shareholder election or appointed by the existing Board of Directors. Shareholder election to the Board requires either a plurality of votes taken at a meeting or, if no meeting is held, unanimous shareholder consent in writing. (Dkt. 2 at p. 44). Appointment by the Board must be to fill a vacancy, which can arise from an existing director's resignation or the addition of a new board seat. (*Id.* at pp. 55-56).

In 2017, Divinia entered into a loan agreement with Breen and Mezzetta, a condition of which was electing Breen and Mezzetta to its Board of Directors. (*Id.* at p. 43). The then-existing Board unanimously agreed Breen and Mezzetta should be added to the Board. (*Id.* at pp. 43-44). Consistent with this decision by the Board, Divinia's corporate secretary emailed Breen and Mezzetta a link to Divinia's Bylaws, a draft shareholder notice, a draft board resolution, a draft shareholder approval, and a draft shareholder proxy form to effectuate Breen or Mezzetta's appointment as additional directors, indicating she would send the relevant documents to the shareholders as well. (*Id.* at pp. 43-44).

MEMORANDUM DECISION AND ORDER - 3

In lieu of holding a meeting, however, the shareholders executed a written approval. (*Id.* at 44). The written shareholder approval was only executed by Divinia's existing directors on December 1, 2017, who owned approximately 83 percent of Divinia's outstanding shares, without notice of a special meeting being sent to Divinia's other shareholders and without their attendance at any meeting. (*Id.*). These other shareholders never signed an approval for Breen's and Mezzetta's appointment as additional directors of Divinia, even though such action was required by both Divinia's Bylaws and Idaho laws to elect a director to the Board without an in-person election. (*Id.*). Most of these other shareholders were brought into Divinia by Breen and Mezzetta. (*Id.*). Divinia believed it followed its Bylaws and Idaho law correctly by having the majority of its shareholders execute a written approval to add Breen and Mezzetta to the Board. (*Id.*).

Believing Divinia had satisfied the condition in the loan agreement requiring it to seat Breen and Mezzetta on the Board, Breen and Mezzetta loaned Divinia $350,000. (*Id.*). Breen and Mezzetta participated as directors in Board meetings. (*Id.*). Divinia asked Breen and Mezzetta to sign resolutions and make disclosures required of board members for disclosures and other documents required to be submitted to the Securities and Exchange Commission. (*Id.*). Divinia listed Breen and Mezzetta as directors on its SEC offering memorandum in 2018 and its 2018 and 2019 annual reports to the SEC, as well as on its annual reports filed with the Idaho Secretary of State in 2018 and 2019. (*Id.*). Divinia listed Breen and Mezzetta as directors on its "StartEngine" page, which Divinia used as its online portal and intermediary for an online public offering done through Regulation Crowdfunding under the Securities Act. (*Id.* at pp. 14, 44).

In 2020, Breen and Mezzetta were removed from the Board and filed two lawsuits against Divinia and its officers/directors. (*Id.* at p. 25). Divinia submitted a claim for coverage for these lawsuits under its D&O policy issued by Clear Blue. (*Id.* at p. 28). In this adversary proceeding,

Clear Blue maintained, and the Bankruptcy Court concluded, that Clear Blue is not required to provide coverage by virtue of the insured versus insured policy exclusion. This exclusion states:

> **IV. Exclusions**
> . . . .
> [Clear Blue] shall not be liable . . . to pay any **Loss** on account of that portion of any **Claim** made against You:
> . . . .
> **F. Insured** versus **Insured**
>
> For any **Claim** brought or maintained by or on behalf of:
> 1. a **Tech Startup;** [defined as Divinia]
> 2. a **Team Member** in any capacity;

(*Id.* at p. 35). As relevant here, "Team Members" is defined as any "Executive," and "Executive" is defined as "any natural person who was, is or shall be a *duly elected or appointed*: 1. Director, officer, or member of the board. . . . " (*Id.* at p. 36) (emphasis in Proposed Findings of Fact and Conclusions of Law). All agree that, if the exclusion applies, it excludes from coverage Breen's and Mezzetta's claims.

The Bankruptcy Court concluded that the phrase "duly elected or appointed" is unambiguous and means if he or she is "selected, by vote or appointment, in accordance with proper procedures." (*Id.* at pp. 49-50). Because Divinia did not properly follow its Bylaws to seat Breen and Mezzetta as directors on the Board, the Bankruptcy Court concluded that were not "duly elected or appointed within the meaning of the Policy a*s of December 1, 2017*, that is, they were not seated in a manner consistent with Divinia's Bylaws." (*Id.* at p. 51) (emphasis added). Although the Bankruptcy Court concluded that Divinia failed to follow the proper procedures in seating Breen and Mezzetta on the Board—which it clearly intended to do—the Court further found that, based on Divinia's conduct after December 1, 2017, until the middle of 2020 when it took action to remove Breen and Mezzetta as Board members, Divinia cured "the technically defective appointment" through ratification. (*Id.*). Based on its finding of ratification, the

**MEMORANDUM DECISION AND ORDER - 5**

Bankruptcy Court concluded that "Divinia's ratification made Divinia's addition of Breen and Mezzetta to its board of directors 'proper' . . . [and], because Breen and Mezzetta were Team Members, the insured versus insured [] exclusion applies to the claims they asserted in the Underlying Lawsuits." (*Id.* at p. 57).

In reaching this conclusion that Divinia ratified the technically deficient appointments of Breen and Mezzetta, the Court found that Divinia, through its Board, had the authority to ratify the shareholders' election of Breen and Mezzetta as directors because, among other reasons, Divinia's Board itself had the authority to appoint Breen and Mezzetta through the unanimous consent of all directors. As the Bankruptcy Court noted, "Section 2.2 of Divinia's Bylaws state: 'vacancies on the Board of Directors may be filled by appointment by the Board of Directors.'" (Dkt. 2 at p. 55) (quoting Ex. 211, p. 22). And Idaho law further provides that the board of directors of a corporation may fill a vacancy on the board, "including a vacancy resulting from an increase in the number of directors . . . ." (*Id.*) (quoting Idaho Code § 30-29-810(a)(2)).

Finally, "[a]s an aside," the Bankruptcy Court noted its skepticism "that Divinia should be allowed to use its apparent ignorance of its own Bylaws and the proper procedures to add directors to its board (something it contractually obligated itself to do) as means to secure coverage for claims that would otherwise be excludable." (Dkt. 2 at p. 56).

### III.    STANDARD OF REVIEW

Where, as here, the bankruptcy court adjudicates a non-core matter and submits proposed findings of facts and conclusions of law, this Court shall enter any final or judgment after "considering the bankruptcy judge's proposed findings and conclusions and after reviewing those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1); *In re Ricks*, No. 1:14-MC-07802-BLW, 2014 WL 1689733, at *2 (D. Idaho Apr. 29, 2014). Federal

Rule of Bankruptcy Procedure 9033(d) requires the District Court to "make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule."

## IV. ANALYSIS

**A. The Bankruptcy Court Correctly Concluded that Breen and Mazetta Were "Duly Elected or Appointed" to Divinia's Board of Directors Within the Meaning of the D&O Policy and that the Policy Exclusion Applies.**

Divinia's first objection focuses on the meaning of "duly elected or appointed" and whether this phrase can encompass subsequent ratification. Under Idaho law, which the parties agree applies to the D&O policy, insurance policies are interpreted according to general rules of contract interpretation. *Clark v. Prudential Prop. & Cas. Ins. Co.*, 66 P.3d 242, 244 (2003). Idaho courts have long recognized, "[i]t is the function of the Court to construe a contract of insurance as it is written, and the Court by construction cannot create a liability not assumed by the insurer, nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability." *Pena v. Viking Ins. Co.*, 503 P.3d 201, 207 (2022) (internal citations omitted). The Court must interpret the contract to give effect to the intent of the parties as expressed in the clear language of the contract, and give words and phrases in the contract their plain meaning. *See, e.g.*, *Mut. of Enumclaw Ins. Co. v. Roberts*, 912 P.2d 119, 122 (1996). A term is ambiguous if its language is reasonably subject to differing interpretations. *Moss v. Mid-America Fire & Marine Ins. Co.*, 647 P.2d 754, 756 (1982).

Here, Divinia does not contend that the Bankruptcy Court erred in finding the phrase "duly elected or appointed" was unambiguous. Nor does Divinia quibble with the Bankruptcy Court's defining the phrase "duly elected or appointed" to mean that "a director is duly elected or appointed

within the meaning of the Policy if he or she is 'selected, by vote or appointment, in accordance with proper procedures.'" (Dkt. 2 at pp. 49-50) (quoting *Intelligent Digital Sys., LLC v. Beazley Ins. Co., Inc.*, 716 F. App'x 1, 4 (2d Cir. 2017)). Instead, Divinia argues that the Bankruptcy Court erred in finding that the phrase "duly elected or appointed" encompasses election or appointment by ratification. According to Divinia, a director is "duly elected or appointed" only if the proper procedures were followed *at the time* of election or appointment. The Court disagrees.

"The use of the term 'duly elected' defines and limits the universe of insureds to those have attained officer or director status in a due manner—that is through regular and proper channels of corporate governance." *Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 226 F. Supp. 2d 1326, 1332 (M.D. Fla. 2002), *aff'd sub nom. Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 F.3d 1224 (11th Cir. 2005). Under both Idaho statutory law and Idaho common law, ratification is recognized as a "regular and proper channel of corporate governance." Under the Idaho Business Corporation Act, corporate acts may be ratified through a statutorily defined process. I.C. § 30-29-147. Under Idaho common law, ratification occurs when a principal "adopts the benefits of the unauthorized transaction with knowledge of all material facts." *Gilmore v. Bonner Cty. Sch. Dist. No. 82*, 971 P.2d 323, 327 (1999). In either instance, the effect of a ratified act is "***essentially the same as an act that was authorized***," with the only distinguishing element being that it takes place after the act has occurred. *Manning v. Twin Falls Clinic & Hosp., Inc.*, 830 P.2d 1185, 1192 (1992) (emphasis added).

Significantly, ratification "relates back" to the original act, "making it valid from the beginning." *In re Sterling Mining Co.*, No. 09-20178TLM, 2009 WL 2475302, at *6 (Bankr. D. Idaho Aug. 11, 2009) (citing *Portland Cattle Loan Co. v. Hansen Livestock & Feeding Co.*, 251 P. 1051, 1053 (Idaho 1926)). As applied here, Divinia's ratification of the original shareholder

**MEMORANDUM DECISION AND ORDER - 8**

action cured any technical infirmities in the election or appointment process adding Breen and Mezzetta to the Board, and such ratification relates back to their original election or appointment to the Board in December 2017, making "it valid from the beginning." *In re Sterling Mining Co.*, 2009 WL 2475302, at *6; *Portland Cattle Loan*, 251 P. at 1053. Given that Breen and Mezzetta attained their status as directors through regular and proper procedures, they were "duly elected or appointed" within the meaning of the policy.

Contrary to Divinia's assertion, such a conclusion does not improperly inject language in the policy by impliedly revising the policy language to "duly elected, appointed, *or ratified*." (Dkt. 3 at p. 9). Instead, the Court agrees with Clear Blue's assertion that "ratified," "elected," or "appointed" are not three separate procedures for joining a board of directors. In this context, ratification is a mechanism for curing any procedural infirmities in the "election" or "appointment" of a person to a board of directors, and, in turn, making such person "duly" elected or appointed within the meaning of the Policy.

Finally, this Court also shares the Bankruptcy Court's skepticism that Divinia—believing it had duly elected Breen and Mezzetta as directors, and representing them as such to the public and government regulators—should be allowed to reap the benefits of having them as Board members, and then be allowed to avoid the negative implications of this designation because of "its apparent ignorance of its own Bylaws and the proper procedures to add directors to its board." (Dkt. 2 at p. 56). Idaho law "prevents a party from reaping an unconscionable advantage, or from imposing an unconscionable disadvantage upon another, by taking a position inconsistent with a previous position." *AMX Int'l, Inc. v. Battelle Energy All.*, 744 F. Supp. 2d 1087, 1092 (D. Idaho 2010) (citing *Garner v. Bartschi*, 80 P.3d 1031 (Idaho 2003)). This principle "has its basis in election, ratification, affirmance, acquiescence, or acceptance of benefits." *Thomas v. Arkoosh*

*Produce, Inc.*, 48 P.3d 1241, 1246 (Idaho 2002) (quoting *Schoonover v. Bonner County*, 750 P.2d 95, 98 (Idaho 1988)). It "applies when it would be unconscionable to allow the party to be estopped to change positions from one they acquiesced in or from one they accepted a benefit." *C & G, Inc. v. Canyon Highway Dist. No. 4*, 75 P.3d 194, 199 (Idaho 2003).

Divinia gained a clear advantage in having Breen and Mezzetta as members of its Board—obtaining a loan from them, listing them on public offerings, using them to secure other investors. It now seeks to take the apparently inconsistent position that it never duly elected or appointed Breen and Mezzetta (something it contractually obligated itself to do)—a position it can take *only* because it failed to follow its own Bylaws and proper procedures for adding Breen and Mezzetta to the Board—to nullify an otherwise applicable exclusion. Like the Bankruptcy Court, this Court is skeptical that Divinia should be allowed to take this inconsistent position in furtherance of its own advantage and to Clear Blue's disadvantage.

**B.     The Divinia Board Had Authority to Ratify Breen's and Mezzetta's Addition as Directors.**

As the basis for its second objection, Divinia argues that the Bankruptcy Court improperly concluded that it had the power to ratify Breen's and Mezzetta's defective addition to the Board. Instead, Divinia argues that only the shareholders had the authority to ratify the election or appointment of Breen and Mezzetta to the Board.

Under Idaho law, for a ratification to be valid, "the person (or entity) ratifying the unauthorized act must be the one who had authority to do the act in the first place." *In re Sterling Mining Co.*, 2009 WL 2475302, at *6 (citing *Portland Cattle Loan*, 251 P. at 1053). In this case, the Bankruptcy Court properly concluded that Divinia's Bylaws and the Idaho Business Corporation Act empowered Divinia to "add additional board members by the unanimous consent of its board of directors" in the first place. (Dkt. 2 at pp. 55-56) (citing Section 2.2 of Divinia's

**MEMORANDUM DECISION AND ORDER - 10**

Bylaws and I.C. § 30-29-810(a)(2)). As Divinia, through its Board of Directors, had the authority to appoint Breen and Mezzetta to the Board in the first place, Divinia had the authority to ratify Breen's and Mezzetta's addition to the Board without obtaining the unanimous consent of all Divinia's shareholders.

Divinia nonetheless maintains that ratification of the initially defective addition of Breen and Mezzetta required unanimous shareholder approval because, under *Kemmer v. Newman*, 387 P.3d 131, 134 (2016), "actions taken in violation of a corporation's bylaws are void." (Dkt. 3 at p. 15). This argument is flawed in two key respects.

First, this argument ignores that Divinia's Bylaws expressly gave Divinia's Board the authority to appoint Breen and Mezzetta as directors, and therefore Divinia is incorrect in asserting that their initial addition to the Board violated its Bylaws and is therefore void. By contrast, in *Kemmer*, the election of new directors was found void because neither Idaho law nor the corporation's bylaws authorized the director to unilaterally call the special meeting at which the election was held. And there was no indication that the election was otherwise ratified.

Second, this argument also ignores Idaho law, which expressly provides that a "defective corporate action" that would otherwise be void because of lack of authorization "*shall not be void*" if ratified according to statutory or common law procedures. I.C. § 30-29-146(a) (emphasis added). As already explained, Divinia's proper ratification of Breen's and Mezzetta's addition to the Board cured any defects and "relates back" and "makes it valid from the beginning." It therefore cannot be said to have been void *ab initio*.

Divinia complains that "Clear Blue cites no relevant authority controverting Divinia's argument that 'void acts such as fraud, gift, waste, and ultra vires acts cannot be ratified by a less than unanimous shareholder vote.'" (Dkt. 5 at p. 9) (quoting 18B AM. JUR. 2D Corporations

MEMORANDUM DECISION AND ORDER - 11

§ 1388). But this principle articulated in *American Jurisprudence, Second Edition* simply does not apply in this case. This section defines "void" acts as "those acts that the board of directors, or more generally the corporation, has no implicit or explicit authority to undertake, or those acts that are fundamentally contrary to public policy, or those acts that are not performed in the interest of the corporation, irrespective of whether or not they are authorized by the corporation's certificate of incorporation." 18B AM. JUR. 2D Corporations § 1388. The appointment of Breen and Mezzetta to Divinia's Board does not implicate any of these circumstances. Their appointment to the Board was neither fraudulent nor against public policy. To the contrary, as already explained, both Divinia's Bylaws and Idaho law expressly empowered the Divinia Board to take this action.

The other cases Divinia cites are likewise inapposite for similar reasons. For example, Divinia cites *Gantler v. Stephens*, 965 A.2d 695 (Del. 2009) for the same principle, i.e., that "void acts such as fraud, gift, waste and ultra vires acts cannot be ratified by a less than unanimous shareholder vote." (Dkt. 3 at p. 17) (quoting *Gantler* 965 A.2d at 713 n.54). But, again, none of those circumstances are implicated in this case. Similarly, *Trees v. Kersey*, 138 Idaho 3, 7, 56 P.3d 765, 769 (2002), also cited by Divinia, involved an illegal and unenforceable joint venture agreement to hide from public view the involvement of the unlicensed and unbonded partner to circumvent Idaho's public works licensing and bonding requirements. This case, by contrast, did not involve an illegal agreement and is thus distinguishable.

In sum, the Court overrules Divinia's second objection to the Bankruptcy Court's conclusion that Divinia did not have authority to ratify Breen's and Mezzetta's addition to the Board and finds that the Bankruptcy Court did not err in ruling that the insured versus insured exclusion applies. Having conducted a *de novo* review the Bankruptcy Court's Proposed Findings

of Fact and Conclusions of Law, the Court finds the Proposed Findings of Fact and Conclusions of Law are well founded in law.

## V.   ORDER

**IT IS ORDERED that:**

1. The Proposed Findings of Fact and Conclusions of Law entered on April 14, 2023, (Dkt. 2) is ADOPTED IN ITS ENTIRETY.

2. Divinia's Objection (Dkt. 3) is OVERRULED.

DATED: March 15, 2024

_____
Amanda K. Brailsford
U.S. District Court Judge